UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **TEXTRON FINANCIAL CORPORATION** | **CIVIL ACTION** |
| **VERSUS** | **NO: 06-3547** |
| **HILL CITY OIL COMPANY, INC.** | **SECTION: "S" (1)** |

### ORDER AND REASONS

The motion to correct order confirming sale and marshal's deed, or in the alternative, to vacate order confirming sale and marshal's deed (Doc. # 98) filed on behalf of Intervenor Retif Oil & Fuel, L.L.C. ("Retif") is DENIED.

### BACKGROUND

The facts of this case are detailed in the court's disposition of a motion for summary judgment filed on behalf of SPE FO Holdings, LLC ("SPE") wherein the court determined that a document entitled "Building and Ownership Restrictions" ("Restrictions") did not create a predial servitude, building restrictions or other real right as to property located at 1409 Dunn St. in Houma, Louisiana.[1]

Retif files this motion to request that pursuant to Fed. R. Civ. Proc. 60, this Court correct its

---

[1] *See* Doc. # 28 in *SPE FO Holdings, LLC v. Retif Oil & Fuel, et al*, USDC, ED La., No. 07-3779.

January 3, 2007, Order Confirming Sale. Retif's position assumed that the Dunn St. property was subject to a predial servitude, building restrictions or other real right that "ran with the land."

## ANALYSIS

Rule 60(a) provides in pertinent part:

> Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight, or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders.[2]

A clerical error is a mistake, oversight, or omission that causes the judgment to fail to reflect what was intended by the court at the time.[3]

Rule 60(b) provides that:

> On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or a prior judgment upon which it is based has been reversed or otherwise vacated, or it is no longer equitable that the judgment should have prospective application; or (6) any other reason justifying relief from the operation of the judgment. ...[4]

---

[2] Fed. R. Civ. Proc.60(a).

[3] *See Warner v. City of Bay St. Louis,* 526 F.2d 1211, 1212 (5th Cir.1976). *See also Martin Midstream Partners v. Boone Towing Inc.*, 207 Fed. Appx. 439, 440-441 (5th Cir. 2006).

[4] Fed. R. Civ. Proc. 60(b).

2

Retif contends that Rule 60(a) is available to correct mistakes committed by parties and that Textron and SPE mistakenly inserted language in the Marshal's Deed and in the Order Confirming Sale which is contrary to Louisiana law and contrary to the court's prior orders that the sale of the property be conducted pursuant to law. Specifically, Retif argues that the Marshal's Deed and the Order Confirming Sale were incorrect in that the sale was made free and clear of all liens and encumbrances and hence, now need to be corrected to reflect the servitude imposed by the Restrictions.

Retif's argument presumes that the existence of a valid predial servitude, building restriction or other real right that ran with the land. However, no such real right exists with this property[5] and hence, there is no clerical error to correct in either the Marshal's Deed or the Order Confirming Sale.

Similarly, relief under Rule 60(b) also depends on Retif's mistaken assumption that a valid predial servitude, building restriction or other real right exists on the property.[6] Retif argues that the Marshal's Deed and the Order Confirming Sale should be vacated due to misrepresentation or other misconduct, and the interests of justice. The court finds that the Marshal's Deed and the Order

---

[5]*See SPE FO Holdings, LLC v. Retif Oil & Fuel, et al*, USDC, ED La., No. 07-3779, Doc. # 28 (granting summary judgment that no predial servitude, building restrictions or other real right existed on the Dunn. St. property).

[6]Retif did not object to the marshal's sale because Retif saw "no apparent defect in the sale at the time the sale was occurring." (Doc. #98, Memorandum in Support of Motion to Correct Order Confirming Sale and Marshal's Deed, or in the Alternative, to Vacate Oder Confirming Sale and Marshal's Deed, p. 8.).

Confirming Sale were not the products of misrepresentation or misconduct, and that the interests of justice are not served by altering the judgment, as Retif has suggested.

    The motion is DENIED.

New Orleans, Louisiana, this  25th  day of March, 2008.

                                                **MARY ANN VIAL LEMMON**
                                             **UNITED STATES DISTRICT JUDGE**